UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM BENTON,<br>　　　　Petitioner,<br>　v.<br>GRAIG KOENIG,<br>　　　　Respondent. | Case No. 19-cv-01446-JD<br><br>**ORDER RE MOTION TO DISMISS AND CERTIFICATE OF APPEALABILITY**<br>Re: Dkt. No. 13 |

Kareem Benton, a state prisoner acting pro se, has brought a habeas petition under 28 U.S.C. § 2254. The petition alleges that the prosecution overlooked evidence that points to petitioner's innocence. Specifically, petitioner argues that the victim wrote a letter stating that petitioner was not the assailant. Respondent has filed a motion to dismiss arguing that the sole claim in the petition fails to state a federal claim, and a possible related claim is procedurally barred.

**BACKGROUND**

Petitioner was found guilty by a jury of multiple counts, including burglary, robbery, battery, assault, domestic violence and other crimes, arising out of three separate incidents with his former girlfriend. The incidents occurred on February 24, 2013, May 17, 2014, and May 26, 2014. Motion to Dismiss ("MTD") Ex. 1 at 1-3, 6-7. At trial, petitioner's counsel introduced a written statement from the victim dated March 28, 2013, in which she recanted her prior version of the February 24, 2013, incident, and stated that she had been assaulted by someone else. *Id*. at 3. Nevertheless, the jury found petitioner guilty, and he was sentenced to a total of seven years in state prison. *Id*. at 1.

1   In February 2017, the California Court of Appeal reversed the judgment for three counts related to the May 17, 2014, incident. *Id*. at 1. The judgment was affirmed in all other respects. *Id*. at 16. The decision did not affect the sentence. The superior court dismissed the three counts and issued an amended abstract with a seven-year sentence. MTD Ex. 2.

Petitioner filed a habeas petition in the superior court, which was denied in October 2017 because petitioner provided no evidence or arguments in support of his claim for relief. MTD Ex. 3 at AGO014-15. In April 2018, petitioner filed a supplemental brief, which the superior court construed as a new petition. *Id*. at AGO011. The superior court denied the petition in September 2018. *Id*. at AGO024-26. Petitioner filed a petition with the California Court of Appeal, which was denied in October 2018 "for the reasons set forth in the superior court's September 18, 2018, order." *Id*. at AGO034. Petitioner filed a petition with the California Supreme Court, which was denied in February 2019 with citations to *In re Dixon*, 41 Cal. 2d 756, 759 (1953) and *In re Lindley*, 29 Cal. 2d 709, 723 (1947). MTD Ex. 3; Petition at 11.

**FEDERAL CLAIM**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

"Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). "This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution -- not to correct errors of fact." *Id*.

In *Herrera*, the Supreme Court assumed without deciding that "in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to process such a claim." *Herrera*, 506 U.S. at 417. Since then, the Supreme Court has not developed *Herrera* or held that freestanding actual innocence claims (i.e., claims in which the

2

petitioner argues that the evidence sufficiently establishes his innocence, irrespective of any constitutional error at trial or sentencing) are cognizable in habeas proceedings. *See House v. Bell*, 547 U.S. 518, 554-55 (2006).

After *Herrera*, the Ninth Circuit initially found that there could be no habeas relief based solely on a petitioner's actual innocence of the crime in a noncapital case. *See Coley v. Gonzales*, 55 F.3d 1385, 1387 (9th Cir. 1995). But it has held since that it is "still an open question" whether federal habeas relief is available based on a freestanding claim of actual innocence. *Taylor v. Beard*, 811 F.3d 326, 334 (9th Cir. 2016) (en banc) (citing *McQuiggin v. Perkins*, 569 U.S. 383, 384 (2013)).

In the petition's only claim, petitioner says that the letter from the victim stating he was not the assailant is new evidence and that he is actually innocent. These points are not well taken. To start, the letter is not new, and in fact was presented to the jury at petitioner's trial. The jury apparently did not credit the letter because it found petitioner guilty of assaulting the author -- his former girlfriend -- on multiple occasions. This is enough to sink the petition, but it is also worth noting that actual innocence is not an established grounds for habeas relief. Respondent challenged petitioner on that point, and he did not address it in his opposition to the motion to dismiss. While the Court appreciates that petitioner is proceeding pro se and is not well situated to brief the nuances of open legal issues, it is clear from the Court's independent review of the case law that a freestanding claim of actual innocence is, today at least, unresolved in petitioner's favor. Consequently, the petition must be dismissed.

**PROCEDURAL DEFAULT**

While that resolves the only claim expressly stated in the petition, the Court will, in the spirit of reading pro se petitions liberally, construe the petition as asserting that the letter showed insufficient evidence to support the convictions related to the February 24, 2013, incident. This is a generous assessment of the petition because it makes no reference to this issue, and petitioner did not directly argue it in his opposition. Even so, the Court will take up the issue for the sake of completeness, if nothing else.

The claim is dismissed for procedural default. A federal court will not review questions of

3

federal law decided by a state court if the decision also rests on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991). In the context of direct review by the United States Supreme Court, the "independent and adequate state ground" doctrine goes to jurisdiction; in federal habeas cases, in whatever court, it is a matter of comity and federalism. *Id*. The procedural default rule is a specific instance of the more general "adequate and independent state grounds" doctrine. *Wells v. Maass*, 28 F.3d 1005, 1008 (9th Cir. 1994).

In cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the claimed violations of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. To show cause, a petitioner must point to some objective factor external to the defense that prevented him from complying with the state procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show prejudice, a petitioner must show that the errors at his trial worked to his actual and substantial disadvantage, infecting his entire trial with errors of a constitutional dimension. *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989). If a state prisoner cannot meet the cause and prejudice standard, however, a federal court may hear the merits of successive, abusive or procedurally defaulted claims if the failure to hear the claims would constitute a "miscarriage of justice." *See Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992) (citing *Kuhlmann v. Wilson*, 477 U.S. 436, 454-55 (1986)).

The California Supreme Court denied the petition in this case stating:

> The petition for writ of habeas corpus is denied. (*See In re Dixon* (1953) 41 Cal. 2d 756, 759 [courts will not entertain habeas corpus claims that could have been, but were not, raised on appeal]; *In re Lindley* (1947) 29 Cal. 2d 709, 723 [courts will not entertain habeas corpus claims that attack the sufficiency of the evidence].)

Petition at 11 (alterations in original).

California's *In re Dixon*, 41 Cal. 2d 756 (1953), provides that to bring a claim in a state habeas corpus action, a petitioner must first have pursued the claims on direct appeal from his or her conviction unless the claim falls within certain exceptions. *See Park v. California*, 202 F.3d

4

1146, 1151 (9th Cir. 2000). The *Dixon* rule is both an adequate and independent state procedural rule. *Johnson v. Lee*, 136 S. Ct. 1802, 1803-04 (2016). If a state court denies a habeas petition on *Dixon* grounds, federal habeas review is barred. *See id.* at 1804 (noting that *Dixon* is a well-established procedural bar that is adequate to bar federal habeas review).

The state procedural bar established by *In re Lindley*, 29 Cal. 2d 709 (Cal. 1947), that sufficiency of the evidence claims cannot be raised in a state habeas petition, constitutes an independent and adequate state ground barring federal review. *Carter v. Giurbino*, 385 F.3d 1194, 1198 (9th Cir. 2004). California state courts have consistently applied the *Lindley* procedural bar since 1947. *Id.* Assuming petitioner has presented a cognizable federal claim, it is procedurally defaulted unless he can show cause and prejudice to excuse the default.

In his opposition, petitioner argues that his appointed appellate attorney was ineffective by failing to raise the claim of actual innocence on direct appeal. Opposition at 2. In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court announced an equitable exception by which cause may be found for excusing a procedurally defaulted claim of ineffective assistance of trial counsel where a petitioner could not have raised the claim on direct review and was afforded no counsel or only ineffective counsel on state collateral review. *Id.* at 14. To the extent petition seeks to avail himself of this exception, *Martinez* does not apply. Petitioner does not raise a claim of ineffective assistance of trial counsel, and to the extent he seeks to raise a claim of ineffective assistance of appellate counsel, *Martinez* does not apply. *Davila v. Davis*, 137 S. Ct. 2058, 2061 (2017) (the Supreme Court has declined to extend the *Martinez* exception to allow federal courts to consider a defaulted claim of ineffective assistance of appellate counsel).

Even if petitioner could demonstrate cause for the procedural default, he cannot demonstrate prejudice. The victim's letter was presented at trial, but the jury still convicted petitioner on the counts related to the incident. Petitioner has failed to meet his burden in showing prejudice from appellate counsel's failure to present this claim on appeal. For these same reasons, petitioner has not shown that the failure to hear the claim would constitute a miscarriage of justice. Petitioner also appears to argue that pursuant to *Schlup v. Delo*, 513 U.S. 298, 316 & n.32 (1995), the victim's letter is newly discovered evidence showing actual innocence, which if true would

5

1 permit review of a defaulted claim.  Again, the victim's letter is not newly discovered evidence 2 and it does not create a colorable claim of actual innocence.

**CONCLUSION**

The case is **DISMISSED** and the Clerk is requested to close the file.  The Court declines to issue a certificate of appealability.  This is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED.**

Dated: December 2, 2019

JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM BENTON,<br><br>        Plaintiff,<br><br>v.<br><br>GRAIG KOENIG,<br><br>        Defendant. | Case No. 19-cv-01446-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 2, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kareem Benton ID: AV3427
CTF Central
PO Box 689
Soledad, CA 93960

Dated: December 2, 2019

                                                Susan Y. Soong
                                                Clerk, United States District Court

                                                By: */s/ Lisa R. Clark*
                                                LISA R. CLARK, Deputy Clerk to the
                                                Honorable JAMES DONATO